IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK MARKO,

    Plaintiff,

v.

OSFVOLR, et al.,

    Defendants.

Case No.: 1:25-cv-05113

## COMPLAINT

Plaintiff, MARK MARKO ("Marko" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants"), and for Plaintiff's Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant aliases and/or the online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Federal Rule of Civil Procedure 4(k)(2) confers personal jurisdiction over Defendants because the claims asserted herein arise under federal copyright law, Defendants would not be subject to

1

jurisdiction in any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

## INTRODUCTION

3. Plaintiff, Mark Marko, is the owner of the federal copyright registrations that protect the creative content of Plaintiff's photographs. Marko is a photographer and designer. He started making pottery with his wife under the name "Leily Cloud", which quickly developed into a family business. They created a variety of ceramic mushroom products. Plaintiff carefully considers angles, lighting, and placement of the various objects to take photographs to showcase and market his family business's products.

4. This action has been filed by Plaintiff to combat online copyright infringers who have reproduced and displayed Plaintiff's copyrighted photographs without authorization. Defendants trade upon Plaintiff's reputation, goodwill, and valuable copyrights by selling and/or offering for sale products using Plaintiff's photographs in their online listings.

5. Plaintiff is the owner of United States Copyright Registration Nos. VA 2-335-575 and VA 2-365-322 (the "Mark Marko Works") and the registrations are attached hereto as **Exhibit 1**. Upon information and belief, the copyrights have effective dates that predate the Defendants' acts of copyright infringement.

6. Defendants have created numerous Defendant Internet Stores and used the Mark Marko Works without authorization to make illegal profit.

7. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the unauthorized products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going

to great lengths to conceal both their identities and the full scope and interworking of their illegal operation. Plaintiff is forced to file this action to combat Defendants' piracy of the Mark Marko Works.

### THE PLAINTIFF

8.  Plaintiff, Mark Marko, is the owner of the Copyright Registrations that protect the creative content of the Mark Marko Works. Plaintiff is a photographer and designer. Plaintiff created a variety of ceramic mushroom products with his wife, Aksana Marko. They started making pottery several years ago under the name "Leily Cloud," which quickly developed into a family business. For the photographs at issue, Plaintiff carefully considers angles, lighting, and placement of the various objects to take photographs to showcase and market his family business's products.



https://leilycloud.com/collections/all?sort_by=best-selling

9.  Plaintiff is the owner of the United States Copyright Registrations that cover the Mark Marko Works. The Registrations are valid, subsisting, and in full force and effect. True and correct copies of the registration certificates are attached hereto as **Exhibit 1**.

10. Marko has invested substantial time, money, and effort in building up and developing consumer awareness, goodwill, and recognition in products advertised and marketed using the Mark Marko Works.

11. As a result of Plaintiff's efforts, the quality of authorized products marketed with the Mark Marko Works, the promotional efforts for products and designs that are authorized to use the Mark Marko Works, press and media coverage, and social media coverage, members of the public have become familiar with the Mark Marko Works and associate them exclusively with Plaintiff.

12. Marko has made efforts to protect Plaintiff's interests in and to the Mark Marko Works. No one other than Marko and his family business is authorized to reproduce, display, advertise, create derivative works, offer for sale, or sell any goods utilizing, advertising, marketing, featuring, or otherwise using the Mark Marko Works without the express written permission of Plaintiff.

**THE DEFENDANTS AND THE DEFENDANTS' UNLAWFUL CONDUCT**

13. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois and has copied and displayed and, on information and belief, continues to copy and display without authorization the photographs protected by the Mark Marko Works to consumers within the United States, including Illinois and in this judicial district.

**COUNT I**
**COPYRIGHT INFRINGEMENT**

14. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

15. The Mark Marko Works are original works and are copyrightable subject matter under 17 U.S.C. § 101 et seq.

16. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendants, as alleged hereunder, including but not limited to the Mark Marko Works, including derivative works. The Mark Marko Works are the subject of valid Copyright Registration Certificates issued by the Register of Copyrights. (**Exhibit 1**).

17. Each Defendant, without the permission or consent of Plaintiff, has and continues to reproduce and display pirated photographs and derivative works of the copyrighted Mark Marko Works. Each Defendant has violated at least Plaintiff's exclusive rights of reproduction and display. Each Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §101 et seq.).

18. As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. §505.

19. Pursuant to 17 U.S.C. §502, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. Using, copying, and displaying the Mark Marko Works or any reproductions, copies, or colorable imitations thereof in any manner;

    b. further infringing the Mark Marko Works and damaging Plaintiff's goodwill; and

    d. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to make unauthorized copies or reproductions or being used to display without authorization any photograph or image that is derived from Plaintiff's copyrights in the Mark Marko Works;

2) For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyrights pursuant to 17 U.S.C. §501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

3) For Judgment in favor of Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial;

4) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

5) Award any and all other relief that this Court deems just and proper.

DATED: May 8, 2025

                                                        Respectfully submitted,
                                                        <u>*/s/ Keith A. Vogt*</u>
                                                        Keith A. Vogt (Bar No. 6207971)
                                                        Keith Vogt, Ltd.
                                                        33 West Jackson Boulevard, #2W
                                                        Chicago, Illinois 60604
                                                        Telephone: 312-971-6752
                                                        E-mail: keith@vogtip.com

                                                        **ATTORNEY FOR PLAINTIFF**